UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CIVIL ACTION |
| ex rel. ERICA BOOGAERTS, ET AL. | * | |
| | * | |
| VERSUS | * | No. 17-2786 |
| | * | |
| VASCULAR ACCESS CENTERS, L.P., et al. | * | SECTION "L" (4) |

## ORDER AND REASONS

Before the Court is Relators' Motion for Attorneys' Fees. R. Doc. 17. The motion is unopposed. Having considered Relators' motion, exhibits, and the applicable law, the Court now issues this Order and Reasons.

I.  BACKGROUND

Erica Boogaerts and Chad Edwards (collectively, "Relators") brought this *qui tam* action against Vascular Access Centers, L.P. ("VAC") and twenty-two affiliate entities, alleging that they (1) billed Medicare for noncovered vascular surgery procedures; (2) engaged in a physician-investor referral scheme for designated health services in violation of the Anti-Kickback Statute and the Stark Law; and (3) entered into medical directorship agreements that were illegally designed to induce patient referrals in violation of the Anti-Kickback Statute.

The United States intervened in part in this action and in an earlier *qui tam* action with similar allegations filed against many of the same defendants in the United States District Court for the Southern District of New York. Both actions were settled through a Consent Judgment in which VAC agreed to pay a minimum of $3.825 million and a maximum of $18,360.794 if certain contingencies are triggered. Counsel for Relators now request an order granting $156,564.00 in fees and costs. The motion is not opposed.

1

## II. LAW AND ANALYSIS

A successful relator in a *qui tam* action shall "receive an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs. All such expenses, fees, and costs shall be awarded against the defendant." 31 U.S.C. § 3730(d)(1).

Federal courts have followed the "lodestar" method typically followed under other fee-shifting statutes in calculating attorneys' fees in *qui tam* actions. *United States ex rel. Burr v. Blue Cross & Blue Shield of Florida*, 882 F. Supp. 166, 169 (M.D. Fla. 1995) (collecting cases). The lodestar is "the product of reasonable hours times a reasonable rate," and the Supreme Court has "established a 'strong presumption' that the lodestar represents the 'reasonable' fee." *City of Burlington v. Dague*, 505 U.S. 557, 559, 562 (1992).

Counsel for Relators attach time records showing that they have spent 525.45 hours preparing for and litigating this case. R. Doc. 17-3. Given the complexity of this case and the issues involved, the Court finds that the hours expended in this case are reasonable. Additionally, counsel for Relators hired a third-party, Mr. Stephen J. Herman, to independently review counsel's fee request. R. Doc. 17-4. Mr. Herman provided a declaration that "the time entries reflected on the Detail Fee Transaction List are consistent with the type of entries [he] would expect to see in this type of case," and that in his opinion, the rates claimed are reasonable. *Id.*

Relators request an hourly rate of $350 for Conrad Meyer and $300 for Preston Hayes and Ryan Monsour, all equity partners at the Chehardy Sherman Williams law firm. An appropriate hourly rate is determined according to the prevailing rates in the relevant legal market. *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011). Mr. Meyer has practiced law for 18 years and is in charge of his own healthcare practice group at the Chehardy Sherman Williams law firm. In a case like this one, $350 is a reasonable hourly rate for an attorney of Mr. Meyer's experience

and is within the range of prevailing market rates. Similarly, Mr. Hayes and Mr. Monsour have practiced law for 14 and 11 years, respectively, and a rate of $300 per hour is reasonable for attorneys with their experience in this market. *See*, *e.g.*, *Funez v. EBM*, 2018 WL 5004806, at *4 (E.D. La. Oct. 16, 2018) (finding a partner rate of $350 per hour reasonable); *Soonhee Kim v. Ferdinand*, 2018 WL 1635795, at *4 (E.D. La. Apr. 5, 2018) (finding $410 per hour "typical for partners in this community"); *Dadar v. T&C Marine, L.L.C.*, 2018 WL 3950396, at *6 (E.D. La. May 3, 2018) (finding $350 hourly rate reasonable in this market); *M C Bank & Tr. Co. v. Suard Barge Serv., Inc*, 2017 WL 6344021, at *2 (E.D. La. Dec. 12, 2017) (finding partner rates of $395 and $350 per hour reasonable). Furthermore, counsel for Relators voluntarily reduce the fee sought to $156,564.00 in an exercise of sound billing judgment.

After determining the lodestar, the court may consider the applicability and weight of the twelve *Johnson* factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). "[O]f the *Johnson* factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." *Migis v. Pearle Vison, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998) (citation omitted). After *Johnson* was decided, the "Supreme Court has barred any use of the sixth factor," whether the fee is fixed or contingent. *Walker v. U.S. Dep't*

*of Hous. & Urban Dev.*, 99 F.3d 761, 772 (5th Cir. 1996) (citing *City of Burlington*, 505 U.S. at 567).

Application of the *Johnson* factors supports the reasonableness of the requested $156,564.00. This case required a substantial time commitment and the Chehardy Sherman Williams law firm expended over 500 hours preparing for and litigating the case. *Qui tam* cases are often inherently complex and challenging, and this case was no exception – counsel for Relators were required to evaluate highly detailed factual situations and a highly complex statutory and regulatory regime. The resulting settlement was clearly a success for Relators – Defendants will pay a minimum of $3,825,000.00 and a maximum of $18,360,794.00 if certain contingencies are triggered, and Relators were awarded a share of the proceeds.

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that Relators' Motion for Attorneys' Fees, R. Doc. 17, is **GRANTED**.

New Orleans, Louisiana, this 12th day of February, 2019.

_____
**ELDON E. FALLON**
United States District Judge

4